**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**



**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE**
**50 WALNUT STREET, P.O. BOX 419**
**NEWARK, NJ 07101-0419**
**(973) 645-6340**

**WILLIAM J. MARTINI**
**JUDGE**

**LETTER OPINION**

June 16, 2006

John E. Savoth
King, Kitrick, Jackson & Troncone, LLC
635 Duquesne Boulevard
Brick, New Jersey 08723

　　　*(Attorneys for Plaintiffs)*

Kathryn N. Roettger
147 Columbia Turnpike
Suite 306
Florham, Park New Jersey 07932

　　　*(Attorneys for Defendant Town of Dover)*

Laura M. Loguidice
Post, Polak, Goodsell, MacNeill & Strauchler, P.A.
425 Eagle Rock Ave., Suite 200
Roseland, New Jersey 07068-1717

　　　*(Attorneys for Defendants Rossi and McNamara)*

　　　**Re:**　　*Brotherhood of Locomotive Engineers et al. v. Rossi et al.*
　　　　　　　<u>Civil Action No. 05-0475 (WJM)</u>

Dear Counsel:

　　　This matter comes before the Court on the motion to dismiss filed by Defendant Rossi and McNamara and the motion for summary judgment filed by the Town of Dover.  For the reasons stated below, the motions are **GRANTED**.

***Factual Background***

In December 2003, Plaintiff Sabia was operating a New Jersey Transit train in Dover, New Jersey when it struck and killed a police officer who was responding to the scene of a nearby fire. Defendants Rossi and McNamara, both police officers, responded to the scene of the accident. When the officers requested that Sabia consent to blood and urine tests, he refused. Rossi then prepared an affidavit and obtained a search warrant for seizure of Sabia's blood and urine. Believing the fire could have been the result of arson, Rossi stated in his affidavit the need to rule out intoxication on the part of Sabia as an intervening cause in the officer's death in the event the arsonist could be indicted for felony murder. Sabia was taken to a hospital where the requested samples were collected. They turned out negative.

Sabia and his union, the Brotherhood of Locomotive Engineers, have now brought suit against Rossi, McNamara, and the Town of Dover for violations of the Federal Railroad Safety Act of 1970 ("FRSA") as well as the Fourth and Fourteenth Amendments.[1] Rossi and McNamara have now filed a motion to dismiss for failure to state a claim, and the Town of Dover has filed a motion for summary judgment.

**Analysis**

Pursuant to the FRSA, the Department of Transportation adopted the Federal Railroad Administration regulations. Under these regulations, covered railroad employees must undergo toxicological testing following fatal train accidents. 49 C.F.R. § 219.201. However, under the regulations, the duty for determining whether a particular accident requires testing falls to the railroad representative rather than to law enforcement. *Id.* Although Plaintiffs do not dispute that they and the accident fell within the regulations so as to require testing, their chief complaint seems to rests on the fact that the officers rather than the railroad representative made the final determination.

As Defendants Rossi and McNamara point out, however, they did not seek and obtain toxicological testing pursuant to these regulations. Rather, they did so in the course of their criminal investigation of the arson. Under New Jersey and Third Circuit case law, police may obtain search warrants for third parties not suspected of criminal activity if there is probable cause to believe that evidence of a crime or evidence that tends to show a crime was committed will be found. *See Zurcher v. The Stanford Daily,* 436 U.S. 547(1978); *In re Morgenthau,* 457 A.2d 472 (N.J. Super. Ct. App. Div. 1983). In this case, the 911 caller who reported the fire stated he saw someone deliberately set it. Thus, the police officers had reason to suspect the fire that the deceased officer had been investigating was the result of arson. They therefore had reason to believe that the officer's death could constitute felony murder. In order to establish felony murder, they would need to rule out any possibility that the death was in fact caused by intoxication on the part of Sabia. Under these facts, Rossi and McNamara had probable cause to believe that toxicology testing could aid in a potential felony murder indictment, and the warrant and subsequent testing did not constitute a constitutional violation. Further, because the FRA regulations specify that the regulations do not "preempt provisions of state criminal law," 49 C.F.R. § 219.13, the Court finds no violation of the FSRA based on Defendants' actions.

---

[1] The State of New Jersey was previously dismissed as a defendant by stipulation.

In short, Plaintiffs cannot show any constitutional violation.  Since Plaintiffs cannot sustain a constitutional claim against the officers, the complaint must also be dismissed as to the Town of Dover.  *See City of Los Angeles v. Heller*, 475 U.S. 796 (1986).

**Conclusion**

For the reasons stated above, Defendants Rossi and McNamara's motion to dismiss is **GRANTED**, the Town of Dover's motion for summary judgment is **GRANTED**, and this case is **DISMISSED**.

An appropriate Order accompanies this Letter Opinion.


s/William J. Martini
**William J. Martini, U.S.D.J.**